# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| CHRISTOPHER D. BROWN, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | |
| | ) | 1:11-cv-365-TWP-DML |
| | ) | IP-92-CR-028-P/F |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Christopher D. Brown for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The ' 2255 Motion

In No. IP 92-cr-28, Brown entered a plea of guilty to five counts of bank robbery and two counts of use of a firearm in the commission of a crime of violence. The court sentenced Brown to an aggregate term of imprisonment of 462 months. Brown's sentence was affirmed in *United States v. Brown*, 999 F.2d 1150 (7th Cir. 1993). Brown did not seek certiorari review from this appellate decision. The last date Brown could have done so was October 20, 1993.

Brown's sentence was imposed prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. *See Myles v. United States,* 268 F. Supp. 2d 1329, 1330-31 (M.D. Fla. 2003). The effect of the AEDPA for statute of limitations purposes for convictions which were already final before its effective date was to provide a 1-year grace period from the effective date of the AEDPA. Thus, the statute of limitations for Brown to file § 2255 motion commenced on

April 24, 1996, and expired on April 23, 1997. *Myles v. United States,* 268 F.Supp. 2d at 1331 (citing *Goodman v. United States,* 151 F.3d 1335, 1337 (11th Cir. 1998); *United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997)).

Brown's motion for relief pursuant to 28 U.S.C. ' 2255 was signed and placed in the prison mailing system on March 11, 2011. It was docketed on March 14, 2011. These dates were nearly 14 years after the statute of limitations for Brown expired on April 23, 2011.

Brown concedes that his § 2255 motion is untimely, but offers two grounds on which to avert the effect of the untimely filing.

- Brown first contends that he is factually innocent of the gun offenses. This point is not compelling. "[T]he Seventh Circuit has held that actual innocence cannot be used to cure an untimely petition." *Dixon v. Gaetz*, 2010 WL 3199692, at *2 (N.D.Ill. 2010). This is because "'actual innocence' is unrelated to the statutory timeliness rules." *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005) (citing *Gildon v. Bowen,* 384 F.3d 883, 887 (7th Cir. 2004)); *see also Boyd v. United States,* 2009 WL 2474652, *4 n.6 (E.D.Wis. 2009) ("A claim of actual innocence is not a freestanding exception to the time limits for habeas actions.").
- Brown's second point is that he was confined in a state prison for much of the time and did not have ready access to federal law books. This factor does not warrant the relief Brown seeks because "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling," *Scott v. Johnson,* 227 F.3d 260, 263 n.3 (5th Cir. 2000), and a claim of ignorance of the law

advances no further. *U.S. ex rel. Ford v. Page*, 132 F.Supp.2d 1112, 1115 (N.D.Ill. 2001); *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D.Mich. 1998).

Even if the court found some merit to either or both of Brown's arguments, he could not prevail here because of a stunning lack of diligence on his part in seeking relief. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (the petitioner must show diligence in attempting to file after the extraordinary circumstances began; if he does not do so, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing"). A delay of 14 years after the expiration of the statute of limitations is void of diligence.

Because the pleadings and the expanded record show that Brown's § 2255 action was not timely filed, his motion for relief pursuant to 28 U.S.C. ' 2255 must be denied without the court reaching the merits of his underlying claims. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2255 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Brown has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/08/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

[gerald.coraz@usdoj.gov](mailto:gerald.coraz@usdoj.gov)

Christopher D. Brown
#04140-028
McCreary – USP
P.O. Box 3000
Pine Knot, KY 42635